FILED

DEC 11 2017

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| HARRY LOZEAU, | Cause No. CV 17-167-M-DLC-JCL |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| MICHAEL FLETCHER, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

This case comes before the Court on Petitioner Harry Lozeau's application for writ of habeas corpus under 28 U.S.C. § 2254. Lozeau is a state prisoner proceeding pro se.

Lozeau challenges a conviction for Negligent Homicide, imposed following a jury trial in the Twentieth Judicial District, Lake County, Montana, on January 6, 2016. (Doc. 1-1 at 2.) An Amended Judgment was entered on June 28, 2017. *Id.* at 1. Lozeau was sentenced to the Montana State Prison for a term of twenty-years and a ten-year parole restriction was imposed; Lozeau received 560 days credit for time served. (Doc. 1 at 2, ¶4). Lozeau is currently incarcerated at the Crossroads Correctional Center ("Crossroads") in Shelby, Montana.

1

I. **Lozeau's claims**

Lozeau alleges that he is being denied access to his legal paper work due to the policies at Crossroads. *Id.* at 4, ¶15(A). Lozeau further alleges he is unjustly being held at Crossroads, rather than the Montana State Prison, in contravention of the judgment. *Id.* at 4, ¶ 15(B). Lozeau asserts there is a lack of educational opportunities at Crossroads. *Id.* Lozeau asks this Court to order his placement at the Montana State Prison so he may have "better access to legal work and education." *Id.* at 6, ¶18.

II. **Analysis**

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. §2254(a.) Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Inmates do not have a constitutional right to be incarcerated at a particular facility or in a particular unit within a facility. See, *Montayne v. Haymes*, 427 U.S. 236, 242-43 (1978) (no constitutional right to be housed in a particular state prison); *Meachum v. Fano*, 427 U.S. 215, 224 (1976)(no due process protections required upon the discretionary transfer of state prisoners to a substantially less agreeable prison). The Supreme Court has held that transfer of a prisoner to a

2

more restrictive environment, even if it imposes "severe hardships" on an individual, does not impinge on a liberty interest. *Hewitt v. Helms*, 459 U.S. 460, 467 (1983). Correspondingly, the disinclination of an institution to transfer an individual to a less restrictive environment does not impinge on a constitutional liberty interest. *Badea v. Cox*, 931 F. 2d 573, 576 (9th Cir. 1991). Thus, Lozeau's desire for a placement at the Montana State Prison rather than Crossroads does not give rise to a protected liberty interest.

Although the Court understands Mr. Lozeau would prefer to be housed at the Montana State Prison, rather than Crossroads, it is not the province of this Court to direct the State of Montana what policies to follow when making housing decisions relative to state prisoners. That decision is solely within the purview of the state and the Montana Department of Corrections. A state's interpretation of its own laws or policies provides no basis for federal habeas relief. *Estelle,* 502 U.S. at 68 (federal courts may not reexamine state determinations on state law issues). Because Lozeau has no constitutional or inherent right to placement at the Montana State Prison, he cannot establish that he is in custody in violation of federal law.

Likewise, Lozeau has failed to establish that Crossroad's purported policy preventing prisoners from retaining certain paperwork has violated a constitutional right. Rule 2(c) of the Rules Governing Section 2254 Cases requires a federal

habeas petition to specify all grounds for relief and "state the facts supporting each ground." Claims based on conclusory allegations are not a sufficient basis for federal habeas relief. See, *Mayle v. Felix*, 545 U.S. 644, 655-56 (2005). Lozeau's conclusory statement relative to his lack of access to legal materials is, thus, insufficient to support a valid habeas claim.

Because Lozeau has failed to present a claim that is cognizable in habeas, his petition should be denied for lack of merit.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Lozeau has failed make a substantial showing that he was deprived of a constitutional right. Because reasonable jurists would find no reason to encourage further proceedings, a certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Mr. Lozeau's petition (Doc. 1) should be DENIED for lack of merit.

2. The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Lozeau may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Lozeau must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 11th day of December, 2017.

*Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Lozeau is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.